[Cite as *Kranz v. Kranz*, 2013-Ohio-1113.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| JANELLE KRANZ, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-05-038 |
| | : | O P I N I O N |
| - vs - | | 3/25/2013 |
| | : | |
| SCOTT KRANZ, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 06DR30268

Janelle Kranz, 6359 Robert E. Lee Drive, Fairfield, Ohio 45014, plaintiff-appellee, pro se

Karen R. Brinkman, 119 East Court Street, Cincinnati, Ohio 45202, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1}　Defendant-appellant, Scott Kranz (Father), appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, which denied his motion for change of custody of his two minor children.　For the reasons discussed below, we reverse the trial court's decision denying Father's motion for change of custody, and remand this matter for further proceedings.

## I. FACTS

{¶ 2} Father and plaintiff-appellee, Janelle Kranz (Mother), divorced in December 2007. Mother was designated residential parent and legal custodian of the parties' two minor children, and Father was awarded parenting time. On May 2, 2011, Father filed a motion for change of custody, seeking full custody of the children and requesting that a guardian ad litem (GAL) be assigned to the case. The trial court appointed Jeffrey Kirby as the children's GAL on August 1, 2011. The court ordered Kirby to conduct an investigation and submit a report to the court and the parties by November 3, 2011. On November 3, 2011, the GAL filed his report with the court.

{¶ 3} A final hearing on Father's motion for change of custody was held on November 4, 2011.[1] At this hearing, the magistrate noted that while the GAL's report had been filed in compliance with the court's August 1, 2011 order, the GAL's report had not been filed in accordance with Local Rule 4.5 of the Warren County Court of Common Pleas, Domestic Relations Division, which required the report be filed at least 14 days before the hearing. The magistrate indicated that the court would continue the final hearing "fourteen days out" so that the parties could review the GAL's report and, if desired, subpoena the GAL for questioning. However, the court stated that it would otherwise proceed on Father's motion for change of custody and hear evidence that day. Father objected, asking that the entire matter be continued. The court denied Father's request for a continuance, stating that "[w]e're going to do everything except the Guardian Ad Litem report. * * * [If] you have other evidence you want to present * * * [n]ow is the time to present it."

{¶ 4} Father then made an oral motion that Kirby be removed as the GAL and a new

---

1. At the November 4, 2011 hearing, the trial court also considered a motion for contempt filed by Mother on March 28, 2011. Father does not appeal the trial court's findings regarding Mother's motion for contempt. As such, our decision focuses on the proceedings and findings relevant to Father's motion for change of custody.

GAL be appointed. Father argued that Kirby had failed to comply with the standards set forth in Rule 48 of the Rules of Superintendence. The magistrate denied Father's motion, stating that the court would "hear and * * * address [Father's] issue at the next hearing" where the GAL could be subpoenaed to testify. Thereafter, Father presented evidence in support of his motion for change of custody, including his own testimony and tape recordings of conversations he had with Mother about his parenting time and rights. Father also cross-examined Mother. During the course of his cross-examination, Father sought clarification from the magistrate as to whether he could bring in evidence at the next hearing that he had previously given to the GAL but the GAL neglected to mention in the GAL's report. The magistrate answered in the negative, stating "[t]oday is the hearing date. This is where you have your evidence. * * * [W]hatever you have today is what you've got." Father finished presenting his evidence and Mother was given the opportunity to cross-examine Father.

{¶ 5} At the conclusion of the November 4, 2011 hearing, the magistrate continued the matter for 11 days, to November 15, 2011, for the "sole purpose" of cross-examination of the GAL. The magistrate stated, "there is no new evidence . . . you know . . . whatever other issue you had, you had to give it to me today. The only reason I'm continuing it is for [the GAL] and his cross examination." Before adjourning the hearing, the magistrate warned the parties that the GAL would have to be subpoenaed if the parties wanted to cross-examine him at the November 15, 2011 hearing.

{¶ 6} At the start of the November 15, 2011 hearing, the magistrate noted that although the GAL was present in the courtroom, he had not been subpoenaed by either Mother or Father. The magistrate informed the GAL that his attendance was not required and left it up to the GAL as to whether he wanted to stay for the proceedings. The GAL elected to remain for the hearing. Thereafter, the court addressed two motions that had

- 3 -

been filed by Father earlier that day, a motion for continuance of the November 15, 2011 hearing and a motion to remove Kirby as GAL and have a new GAL assigned to the case.[2] Father argued that a continuance was necessary because he had only been given a few days to subpoena the GAL and the counsel he had retained on Tuesday, November 8, 2011 had been unable to subpoena the GAL or appear at the November 15, 2011 hearing given the short notice.[3] Father argued that he only had until Monday, November 7, 2011 to "file a subpoena," a task he did not know how to do, thereby necessitating a continuance so that his retained counsel could subpoena the GAL to appear at the final hearing. Father also argued that he had not been given 14 days from the time the GAL filed his report to "subpoena anyone" before the final hearing was held. Father contended that a continuance was necessary because he had concerns about the thoroughness of the GAL's investigation, and he believed the GAL had not complied with the obligations governing all GALs, as set forth in Superintendence Rule 48.

{¶ 7} The magistrate denied both of Father's motions, stating that if Father wanted to bring his concerns about the thoroughness of the GAL's investigation to the court's attention, then Father should have subpoenaed the GAL. The magistrate further indicated that if additional time was needed for Father's retained counsel to prepare for the hearing, then Father or Father's counsel should have filed a motion for a continuance before the day of the hearing. After denying Father's motion for a continuance and motion for the removal of the GAL, the court adjourned the hearing.

{¶ 8} On January 13, 2012, the magistrate issued a decision denying Father's motion

---

2. From the record, it appears that there was initially some confusion as to what motions Father had filed the day of the November 15, 2011 hearing. The magistrate initially believed Father had filed only one motion, but Father clarified that he had filed two separate motions. As discussed above, the magistrate addressed both of Father's motions at the hearing.

3. Although Father indicated he had retained counsel, the alleged counsel did not enter an appearance in the case.

- 4 -

for change of custody. The court found "a sufficient change of circumstances for the Court to address the motion to modify or change custody of the parties' minor children." However, after considering the best interests of the children utilizing the factors set forth in R.C. 3109.04(F)(1), the court concluded that it was in the children's best interest that Mother remain residential parent and legal custodian, with Father retaining his parenting time.

{¶ 9} On February 2, 2012, after receiving leave from the trial court to file objections out of time, Father objected to the magistrate's decision denying his motion for change of custody. Specifically, Father objected to the untimely filing of the GAL report as well as the court's failure to provide him with 14 days to review the report before holding the final hearing. Father argued that his "rights were * * * violated when [the magistrate] told me I could not subpoena anyone else except the GAL regarding the report." Father further objected to the court's consideration of the GAL report on the ground that the GAL had not complied with Superintendence Rule 48, as the GAL had not met with the children when Father was present, had not interviewed children services, and had not interviewed the children's counselors or teachers. Finally, Father objected to the magistrate's refusal to acknowledge one or more of the written motions he filed with the court on November 15, 2011, which requested a continuance of the November 15, 2011 hearing as well as the removal of the current GAL and the assignment of a new GAL.

{¶ 10} On April 5, 2012, the trial court overruled Father's objections and adopted the magistrate's decision denying Father's motion for change of custody. In overruling Father's objections, the trial court found that the magistrate did not err in relying upon the GAL's report as the parties were given "ample time" in the twelve days from the date the report was filed (November 3, 2011) to the date of the final hearing (November 15, 2011) to review the report. Further, the trial court noted that "[n]owhere in the record * * * does it indicate that the Magistrate said Father could not ask anyone else about the report. In fact, the record

indicates that Father spent some time during the hearing asking Mother about the report."

With respect to Father's objection to the GAL's review procedures, the court noted "the GAL must make the ultimate determination concerning who to interview and what is reasonable," and in this case, the GAL interviewed both parents, the children, and reviewed the children's school materials before writing his report. The court stated that Father had "more than adequate time to review the report, subpoena the GAL as a witness and subject him to cross examination on what he did or did not do in conducting his report" yet Father failed to question the GAL about the his investigation. The court noted that Father "had the opportunity to question the GAL at the second hearing but did not do so." Finally, the court overruled Father's objection that the magistrate had failed to acknowledge the motions Father filed on November 15, 2011. The court noted that the magistrate had not only acknowledged the motions, but had also discussed the motions in some detail at the November 15, 2011 hearing before denying said motions.

{¶ 11} Father timely appealed the trial court's decision, assigning three assignments of error.

## II. ANALYSIS

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT ERRED BY ALLOWING AN EVIDENTIARY HEARING TO GO FORWARD WITHOUT THE REPORT OF THE GUARDIAN AD LITEM BEING PROVIDED IN A TIMELY FASHION AND WITHOUT THE GUARDIAN BEING PRESENT TO HEAR TESTIMONY REGARDING THE CHILDREN'S BEST INTEREST AND TO BE SUBJECT TO CROSS-EXAMINATION.

{¶ 14} Within his first assignment of error, Father raises four issues for this court's review. First, Father argues the trial court's failure to comply with Loc.R. 4.5(F) denied him his due process rights under the Fourteenth Amendment to the United States Constitution

and Section 16, Article I of the Ohio Constitution. Second, Father argues his due process rights were violated when the court conducted the November 4, 2011 and November 15, 2011 hearings without the GAL being present and available for cross-examination. Third, relying on *Nolan v. Nolan*, 4th Dist. No. 11CA3444, 2012-Ohio-3736, Father argues the GAL's failure to conduct a proper investigation as required by Sup.R. 48 resulted in violations of the best interests of the children and Father's due process rights. Finally, Father argues the trial court erred in failing to grant his written and oral motions for a continuance.

{¶ 15} We begin by determining whether Father was denied due process at the November 4, 2011 and November 15, 2011 hearings.

{¶ 16} "The right to procedural due process is found in the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution." *Youngstown v. Traylor*, 123 Ohio St.3d 132, 2009-Ohio-4184, ¶ 8. At a minimum, due process requires notice and the opportunity to be heard. *Krusling v. Ohio Bd. of Pharmacy*, 12th Dist. No. CA2012-03-023, 2012-Ohio-5356, ¶ 13, citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652 (1950). "A hearing before judgment, with full opportunity to present all evidence and arguments which the party deems important, is * * * vital under the guaranty of due process of law." *Reed v. Morgan*, 12th Dist. No. CA2011-03-065, 2012-Ohio-2022, ¶ 11.

{¶ 17} We find that Father's due process rights were not violated when the trial court elected to proceed on Father's motion for change of custody at the November 4, 2011 hearing. Although the GAL report was not filed 14 days before the hearing, as required by Loc.R. 4.5(F), the trial court remedied this timing issue by setting a second hearing date so that the parties could review the report and, if desired, subpoena the GAL for cross-

examination.[4] The court also did not err in continuing the matter by only 11 rather than 14 days. As this court has previously stated, "a trial court has the inherent power to control its own docket, and the progress of the proceedings in its court. * * * [Further,] courts are given great latitude in following their own local rules." *Paramount Parks, Inc. v. Admiral Ins. Co.*, 12th Dist. No. CA2007-05-066, 2008-Ohio-1351, ¶ 37. "[T]here is no error when, in its sound discretion, the court decides that the peculiar circumstances of a case require deviation from its own rules." *Id.*, citing *Yanik v. Yanik*, 9th Dist. No. 21406, 2003-Ohio-4155, ¶ 9.

{¶ 18} We do, however, find that Father's due process rights were violated when the trial court denied Father the right to present all evidence and arguments that he deemed important with respect to his change of custody motion at the November 15, 2011 hearing. Because the GAL's report was not filed until November 3, 2011, Father was not given adequate time to assemble evidence or witnesses to rebut, explain, or otherwise challenge statements contained within the GAL's report at the November 4, 2011 hearing. Therefore, Father should have been provided with the opportunity to present such evidence and witnesses at the November 15, 2011 hearing. The magistrate, however, told Father at the November 4, 2011 hearing that "[t]oday is the hearing date. This is where you have your evidence. * * * [W]hatever you have today is what you've got." The magistrate also told Father that the "sole purpose" of the November 15, 2011 hearing was for cross-examination

---

4. Local Rule 4.5 of the Warren County Court of Common Pleas, Domestic Relations Division, states, in relevant part, the following:

> Guardian ad litem reports shall be submitted to the Domestic Relations Office * * * and served upon the parties' attorneys at least fourteen (14) days prior to trial. The GAL report shall be accepted into evidence as the GAL's direct testimony, and he or she may be subject to cross examination by either party. If either party intends to call the GAL as a witness, such party shall subpoena the GAL at least seven (7) days prior to trial. Unless subpoenaed, the GAL need not appear at trial.

of the GAL and that "there is no new evidence . . . you know . . . whatever other issue you had, you had to give it to me today." The magistrate's instruction to Father about what he was or was not permitted to present as evidence at the November 15, 2011 hearing was erroneous, and we therefore find that Father's due process rights were violated when the trial court denied him the opportunity to present witnesses or other evidence rebutting those statements contained in the GAL report at the second hearing on his motion for change of custody.

{¶ 19} Father's first assignment of error is sustained to the extent he was denied due process at the November 15, 2011 hearing. The trial court's denial of Father's motion for change of custody is hereby reversed, and the matter is remanded for a full hearing on Father's motion.

{¶ 20} In light of our determination that Father's due process rights were violated when the trial court denied him the opportunity to present evidence at the November 15, 2011 hearing, we find the remaining issues presented by Father in his first assignment of error to be rendered moot. However, we take this opportunity to remind GALs and trial courts within this district of the importance of the Ohio Rules of Superintendence. We have previously recognized that the Rules of Superintendence do not create substantive rights in individuals or procedural law. S*ee In re B.K.*, 12th Dist. No. CA2010-12-324, 2011-Ohio-4470, ¶ 23. However, the Rules of Superintendence were created to set "statewide standards regarding the appointment, responsibilities, training and reporting requirements of guardians ad litem." *Nolan v. Nolan*, 2012-Ohio-3736 at ¶ 24. Compliance with the standards set forth in Sup.R. 48 ensures that GALs provide trial courts with relevant information and an informed recommendation regarding the child's best interests. *See* Sup.R. 48(D).

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE COURT FAILED TO GRANT FATHER'S MOTION TO CHANGE THE

ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES IN VIOLATION OF THE OHIO REVISED CODE.

{¶ 23} In his second assignment of error, Father argues that the trial court's decision denying his motion for change of custody was against the manifest weight of the evidence. Father contends it is in the children's best interest to name him as the residential parent and legal custodian.

{¶ 24} Based upon our resolution of Father's first assignment of error, we now find Father's second assignment of error to be rendered moot. *See* App.R. 12(A)(1)(c). Whether it is in the children's best interest for Father to be named the residential parent and legal custodian is an issue to be addressed by the trial court on remand.

{¶ 25} Assignment of Error No. 3:

{¶ 26} THE RECORD IN THIS MATTER IS INCOMPLETE SUCH THAT THIS MATTER MUST BE REMANDED IN ORDER TO PRESERVE THE CONSTITUTIONAL RIGHTS OF THE PARENTS AND THE WELFARE OF THE CHILDREN IN THE CASE AT BAR.

{¶ 27} In his third assignment of error, Father argues that the trial court's docket fails to properly reflect the motions he filed on November 15, 2011, thereby denying him of his due process rights under the Fourteenth Amendment. We disagree.

{¶ 28} "A document is 'filed' when it is deposited properly for filing with the clerk of courts. * * * Thus, a party 'files' by depositing a document with the clerk of court, and then the clerk's duty is to certify the act of filing." *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, ¶ 7. Commonly, a clerk will certify the act of filing by time or date stamping the document. *Id.* Here, both Father's November 15, 2011 motion for a continuance and his November 15, 2011 motion to remove Kirby as GAL and have a new GAL assigned to the case were separately time and date stamped by the clerk and appear in the court's case file,

demonstrating that they were indeed filed, accepted, and certified by the clerk. While each motion does not appear as a separate filing on the transcript of the docket and journal entries, Father was provided with the opportunity to be heard on each motion at the November 15, 2011 hearing prior to the court's express denial of said motions. Father was therefore not denied due process under the Fourteenth Amendment.

{¶ 29} Father's third assignment of error is without merit and is hereby overruled.

### III. CONCLUSION

{¶ 30} Father has requested that this court, upon remand, order a change in venue, assign a new trial court judge to hear his motion for change of custody, and order reimbursement of fees he deposited for payment of the GAL. These issues are not properly before this court, and we decline to consider such requests. *See e.g., Baker v. Ohio Dept. of Rehab. & Corr.,* 144 Ohio App.3d 740, 754-755 (4th Dist.2001) (holding that a request for the removal of a trial court judge must be brought before the Ohio Supreme Court in accordance with R.C. 2701.03); *Fite v. Fite*, 12th Dist. No. CA99-07-022, 2000 WL 485532, *5 (Apr. 24, 2000) (holding that an appellate court will not consider issues raised for the first time on appeal).

{¶ 31} Judgment is hereby affirmed in part, reversed in part, and the matter is remanded to the trial court for a full hearing on Father's motion for change of custody.

S. POWELL and RINGLAND, JJ., concur.