[Cite as *Holbrook v. Holbrook*, 2018-Ohio-2360.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| DALLAS HOLBROOK, | : | CASE NO. CA2017-05-055 |
| Plaintiff-Appellee, | : | O P I N I O N<br>6/18/2018 |
| | : | |
| - vs - | : | |
| | : | |
| MEGAN M. HOLBROOK, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 16DR38702

Taft Stettinius & Hollister, LLP, Robert S. Fischer, 5155 Financial Way, Suite 11, Mason, Ohio 45040, for plaintiff-appellee

Rollman, Handorf & Conyers LLC, Jeffrey M. Rollman, 5740 Gateway Blvd., Suite 202, Mason, Ohio 45040, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Megan Holbrook ("Mother"), appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, awarding custody of the parties' children to plaintiff-appellee, Dallas Holbrook ("Father").

{¶ 2} The parties are the parents of two daughters, born in 2010 and 2012 respectively. On March 15, 2016, Father filed a complaint for divorce, requesting shared

parenting, and a proposed shared parenting plan. At the time of the divorce complaint, the parties had equal parenting time with the children. On March 18, 2016, consistent with its local rules, the trial court issued an order requiring the parties to attend a parenting class for divorcing parents within 30 days of the filing of the court's order and advising them that "failure to attend the parenting class may result in a loss of your parenting time and/or dismissal of your case." A copy of the order was mailed to each parent. Less than a month later, Father completed attendance of the parenting class.[1] Mother did not comply with the trial court's order.

{¶ 3} A final divorce hearing was held before the trial court in January 2017. Mother appeared without counsel. By decision filed on February 17, 2017, the trial court found that Father's proposed shared parenting plan was in the best interest of the children and ordered it adopted, provided Father made several modifications set forth in the court's decision. The trial court advised the parties that if Father failed to make the required modifications, the court would designate Mother as the sole residential parent. The trial court ordered Father's counsel to "prepare the appropriate divorce decree and shared parenting plan reflecting the terms of this decision. All documents shall be submitted for the court's signature by March 15, 2017."

{¶ 4} On April 17, 2017, the trial court issued a final divorce decree, awarding custody of the children to Father rather than shared parenting as initially set forth in the trial court's February 17, 2017 decision ("Decision"). The trial court explained that it had sent a letter to Mother in March 2017, advising her that if she did not complete the required parenting class for divorcing parents by April 12, 2017, Father would be awarded custody of the children and Mother's parenting time would be suspended until she attended the

---

1. Father's certificate of completion was filed with the trial court on April 13, 2016. A trial court's entry filed that same day states that Father "has completed attendance as required by Local Rule of Court[.]"

class. The trial court noted that Mother had registered for a parenting class on April 11, 2017, but failed to attend. As a result of Mother's failure to attend the required parenting class, the trial court found it was in the children's best interest to grant custody to Father. By entry filed the same day as the divorce decree, the trial court suspended Mother's parenting time with the children pending her completion of the parenting class or providing the trial court with a satisfactory explanation of her failure to attend.[2] The trial court's March 2017 letter to Mother is not journalized and is otherwise absent from the record.

{¶ 5} Mother now appeals, raising one assignment of error:

{¶ 6} THE TRIAL COURT ERRED WHEN THE FINAL DECREE DID NOT ORDER SHARED PARENTING OR AWARDING MOTHER CUSTODY.

{¶ 7} Mother argues that the trial court abused its discretion in granting custody of the children to Father rather than shared parenting as initially set forth in the trial court's Decision.[3] Mother generally asserts that because the trial court improperly modified its Decision through its March 2017 letter rather than through a court order journalized in an entry, and violated her due process rights by failing to comply with its own local rules, the divorce decree cannot stand and the matter must be remanded for the trial court to issue a divorce decree and shared parenting plan in conformity with the trial court's Decision.

{¶ 8} A trial court's allocation of parental rights and responsibilities falls within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Albrecht v. Albrecht*, 12th Dist. Butler Nos. CA2014-12-240 and CA2014-12-245, 2015-

---

2. The record shows that Mother completed attendance of the required parenting class two days after appealing the divorce decree. Mother's certificate of completion was filed in the trial court on May 4, 2017. A trial court's entry filed that same day states that Mother "has completed attendance as required by Local Rule of Court[.]"

3. Mother originally raised six issues in her appellate brief but voluntarily withdrew the first issue in her reply brief. We will therefore only address Mother's second through sixth issues. *See Middletown v. McIntosh*, 12th Dist. Butler No. CA2006-06-147, 2007-Ohio-1892. Further, for ease of analysis, we address some issues collectively.

Ohio-4916, ¶ 21.

**{¶ 9}** Under her second and third issues for review, Mother argues that the trial court's Decision could only be modified through another court order journalized in an entry, and that therefore, the trial court improperly modified its Decision through its March 2017 letter to Mother. Mother further notes that the final divorce hearing was held even though she had not completed the parenting class in violation of the Local Rules of the Warren County Court of Common Pleas, Domestic Relations Division ("Loc.R."), specifically Loc.R. 4.2.[4] Consequently, Mother asserts, the trial court must have known she had not attended the parenting class, must have waived the requirement, or must have determined it was not important as the court's Decision was not conditioned upon Mother taking the class.

**{¶ 10}** Loc.R. 4.2 requires "all parents" of children under the age of 16 in a divorce action to "register for an educational seminar for separating parents * * * within thirty (30) days after the filing of the action or service of process. No action may proceed to final hearing until the custodial parent has attended the seminar. * * * This requirement may be waived by the court for good cause shown." Loc.R. 4.2 further states that failure of a parent "to attend the educational seminar by the final hearing date may result in suspension of parenting time."

**{¶ 11}** As stated above, the trial court first ordered the parties to attend a parenting class in March 2016. Mother does not deny receiving a copy of the trial court's order. Father promptly completed the parenting class. Mother, on the other hand, did not comply with the trial court's order and had not complied when the final hearing was held in January 2017. Because Mother did not file a transcript of the final hearing, we do not know whether

---

4. As discussed later in the opinion, the trial court's local rules were amended, effective February 1, 2018. Accordingly, former Loc.R. 4.2 applies here. We note that with the exception of two additional provisions in current Loc.R. 4.2 that are not applicable here, former Loc.R. 4.2 is identical to current Loc.R. 4.2.

Mother's failure to complete the parenting class was discussed during the hearing and we decline to assume the trial court "must have known she had not attended the parenting class, must have waived the requirement, or must have determined it was not important." Moreover, the trial court's March 2017 letter strongly suggests the court did consider the parenting class requirement important, did not waive that requirement, and did not realize that Mother had not completed the class at the time of the hearing. Whatever the situation may be, Mother's failure to complete the class was discovered sometime prior to the trial court's March 2017 letter to Mother, advising her that if she did not complete the required parenting class by April 12, 2017, Father would be awarded custody of the children and Mother's parenting time would be suspended until she attended the class.[5] Mother does not deny receiving the letter.

{¶ 12} Mother's argument that the trial court's Decision could only be modified through another court order journalized in an entry presumes that the Decision had the force of a judgment and was a final order. However, it is well-established that a court speaks only through its journal entries and not by oral pronouncement or through decisions. *State v. Halsey*, 12th Dist. Butler No. CA2014-10-211, 2015-Ohio-3405, ¶ 14. *See also State v. Smith*, 12th Dist. Butler No. CA2009-02-038, 2010-Ohio-1721, ¶ 59 (without a journal entry, a decision or finding of a court has no force or effect). Therefore, even though the trial court granted shared parenting in its Decision, the court was free to change its mind prior to the journalization of the final divorce decree and had the authority to modify the allocation of parental rights and responsibilities.

{¶ 13} Furthermore, contrary to Mother's assertion, the trial court's March 2017 letter

---

5. Attached to Father's brief were emails between Father's counsel and the trial court's compliance office which somewhat clarify the situation. However, because the emails were not part of the record we will not consider them.

did not modify the court's Decision. Rather, the final divorce decree modified the Decision. Although the letter was not journalized, the trial court made its essential contents part of the record by referring to them in the final divorce decree. *See Teague v. Cincinnati Ins. Co.*, 7th Dist. Mahoning No. 02 CA 232, 2004-Ohio-3212, ¶ 23, fn. 1. The letter plainly advised Mother that she was required to complete the parenting class by April 12, 2017, and that her failure to comply with the court's directive would result in a drastic reallocation of her parental rights and responsibilities and loss of her parenting time. Mother was therefore on notice of the trial court's proposed action. Mother once again did not complete the parenting class by the deadline ordered by the trial court. Subsequently, Mother did not request a hearing with the trial court, did not seek to advise the trial court that she had already re-registered to take the class, and in fact took no action before the trial court issued the divorce decree. Given these circumstances, the trial court was entitled to construe Mother's failure to complete the class and subsequent inaction as an acquiescence to the court's proposed action.

{¶ 14} Under her fourth and fifth issues for review, Mother argues that the trial court violated her due process rights by failing to comply with its local rules. Specifically, Mother asserts that she was never provided the opportunity to review the final divorce decree prior to its journalization in violation of Loc.R. 6.1(A), and that the divorce decree was issued without proper notice in violation of Loc.R. 6.1(C). As a result, Mother asserts, she was not given proper notice of the trial court's intention to modify its Decision, and was denied the opportunity to explain why she missed the parenting class, advise the court she had already re-registered to take the class, and object to the divorce decree.

{¶ 15} The record shows that following the withdrawal of her attorney on September 7, 2016, Mother represented herself pro se throughout the proceedings below. Accordingly, the trial court's Decision ordered Father's counsel to prepare the final divorce decree and

shared parenting plan and submit the documents for the court's signature by March 15, 2017. The trial court subsequently sent the March 2017 letter to Mother. Mother failed to complete the April 12, 2017 parenting class. The final divorce decree was issued on April 17, 2017, five days later. The decree was signed by the trial judge and Father's counsel. There is no signature line for Mother. The decree was not signed by Mother.

{¶ 16} Due process requires that every party to an action be afforded "a reasonable opportunity to be heard after a reasonable notice of such hearing." *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St. 3d 118, 125 (1986); *Denier v. Carnes-Denier*, 12th Dist. Warren Nos. CA2016-02-012 and CA2016-04-022, 2017-Ohio-334, ¶ 21. The issue of what constitutes reasonable notice is left for a case-by-case analysis. *Neace v. Neace*, 4th Dist. Scioto No. 02CA2824, 2003-Ohio-276, ¶ 15. In general, the notice meets due process requirements as long as it is reasonably calculated to give actual notice. *Id.*; *Mitchell v. Mitchell*, 64 Ohio St.2d 49 (1980).

{¶ 17} A trial court has the inherent power to control its own docket and the progress of the proceedings in its court. *Kranz v. Kranz*, 12th Dist. Warren No. CA2012-05-038, 2013-Ohio-1113, ¶ 17. Further, courts are given great latitude in following and enforcing their own local rules. *Id.*; *Dvorak v. Petronzio*, 11th Dist. Geauga No. 2007-G-2752, 2007-Ohio-4957, ¶ 30. Local rules are of the court's own making, generally administrative in nature, designed to facilitate case management and provide guidelines for orderly case administration, and do not involve substantive principles of law or implicate constitutional rights. *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, ¶ 9; *Dodson v. Maines*, 6th Dist. Sandusky No. S-11-012, 2012-Ohio-2548, ¶ 47. Accordingly, there is no error when, in its sound discretion, the trial court decides that the peculiar circumstances of a case require deviation from its own rules. *Kranz* at ¶ 17. If, however, the local rule implicates due process, and the trial court's failure to follow it deprives a party of a reasonable

opportunity to defend against the disposition of the case in favor of the other party, the trial court is bound to comply with the local rule. *Akin v. Akin*, 9th Dist. Summit Nos. 25524 and 25543, 2011-Ohio-2765, ¶ 29. In an appeal from a trial court's alleged violation of a local rule, an appellant bears the burden of showing both error and prejudice resulting from that error. *Naples v. Naples*, 9th Dist. Lorain No. 08CA009420, 2009-Ohio-1427, ¶ 8.

{¶ 18} We note that the trial court's local rules were amended, effective February 1, 2018. Accordingly, for purposes of this appeal and the issues before us, we apply and refer to the trial court's local rules that were in effect before February 2018. We further note that Mother cites to and attached current Loc.R. 6.1 through 6.4 to her brief in support of her argument.

{¶ 19} Loc.R. 6.1(A) governs the general preparation of decrees and provided that

> After the court has announced its decision on any matter requiring * * * a decree, counsel for the prevailing party shall prepare the appropriate document and forward it to opposing counsel within ten (10) days. Opposing counsel shall sign and return the document within ten (10) days of the receipt. The document shall be submitted to the court within thirty (30) days after the court announces its decision.

{¶ 20} Loc.R. 6.1(B) and (C) set forth the procedures to be followed should opposing counsel object to the form or substance of the entry prepared by counsel for the prevailing party or should opposing counsel fail to respond to the entry with approval or objections. In the latter case, and as applicable to Mother's argument, Loc.R. 6.1(C) provided that "counsel may file a 'Notice of Presentation of Entry' with the court" which must include, inter alia, "[n]otice to the opposing counsel that the proposed entry will be presented to the court for approval after the expiration of fourteen (14) days from the date of the mailing unless the other attorney, within the fourteen days, files a written objection stating the grounds with particularity, attaches his/her proposed entry and sets the matter for hearing."

{¶ 21} Finally, Loc.R. 6.1(D) provided that "Nothing in this rule precludes the

Judge/Magistrate from preparing and filing his or her own entry/decision at any time."

{¶ 22} We find that Mother's due process rights were not violated by the trial court's application of its local rules. Mother asserts that she was denied the opportunity to review the divorce decree in violation of Loc.R. 6.1(A) and that the divorce decree was issued without proper notice in violation of Loc.R. 6.1(C) because she did not receive a copy of the decree before it was submitted to the trial court for signature and journalization. However, unlike the current version of Loc.R. 6.1(A) which requires "an attorney to prepare the appropriate document and forward it to opposing counsel *or the other party if self represented*," former Loc.R. 6.1(A) only required "counsel for the prevailing party [to] prepare the appropriate document and forward it to opposing counsel."[6] (Emphasis added.) Likewise, while current Loc.R. 6.1(A) requires "opposing counsel *or opposing self represented party* [to] sign and return the document," former Loc.R. 6.1(A) only required opposing counsel to sign and return the document. (Emphasis added.) Because Mother was acting pro se at the time Father's counsel prepared the final divorce decree, she was not required to be provided with a copy of the decree and was not required to sign and return it under former Loc.R. 6.1(A). Thus, journalization of the final divorce decree without prior review by Mother did not violate Loc.R. 6.1(A).

{¶ 23} Likewise, unlike their current counterparts, former Loc.R. 6.1(B) and (C) did not reference self-represented parties and did not address a self-represented party's objections to a prepared decree or entry or that party's failure to respond to the prepared

---

6. Effective February1, 2018, Loc.R. 6.1(A) now requires a self-represented party to be involved in the general preparation of a decree or entry, as follows:

> After the Court has announced its decision on any matter requiring an entry, order, decision or decree, the Court shall order an attorney to prepare the appropriate document and forward it to opposing counsel or the other party if self represented within ten (10) days. Opposing counsel or opposing self represented party shall sign and return the document within ten (10) days of receipt. The document shall be submitted to the Court within thirty (30) days after the Court announces its decision.

document with approval or objections. Former Loc.R. 6.1(C) was therefore not violated.

**{¶ 24}** Mother further asserts she was not given proper notice of the trial court's intention to modify its Decision and award custody to Father, and was thus denied the opportunity to explain why she missed the parenting class, advise the court she had already re-registered to take the class, and object to the divorce decree.

**{¶ 25}** We find that Mother was given adequate notice of the trial court's proposed action through the court's March 2017 letter. The letter plainly advised Mother that she was required to complete the parenting class by April 12, 2017, and that her failure to comply with the court's directive would result in a reallocation of her parental rights and responsibilities and loss of her parenting time. Mother once again did not complete the parenting class by the trial court's ordered deadline. Mother does not deny receiving the letter. Subsequently, Mother did not request a hearing with the trial court, did not seek to advise the trial court that she had already re-registered to take the class, and in fact took no action before the trial court issued the divorce decree. Given Mother's repeated failure to complete the parenting class and her subsequent inaction, the trial court was entitled to construe her silence as an acquiescence to the court's proposed action. Furthermore, Loc.R. 6.1 allowed a trial court to file its own entry at any time.

**{¶ 26}** While Mother did not receive a copy of the divorce decree before it was journalized, the predicament in which she found herself was nevertheless of her own doing. A litigant may not idly sit on her hands and ignore the proceedings and deadlines imposed by a court only to later claim an unfair disadvantage and expect relief from any ensuing judgment. *See Jenkins v. Jenkins*, 12th Dist. Butler No. CA2010-09-238, 2012-Ohio-48; *Bank of Am., N.A. v. Mark*, 12th Dist. Butler No. CA2013-01-012, 2013-Ohio-3575.

**{¶ 27}** We recognize that Mother represented herself before the trial court. However, pro se litigants are bound by the same rules and procedures as litigants with retained

counsel. *Chambers v. Setzer*, 12th Dist. Clermont No. CA2015-10-078, 2016-Ohio-3219, ¶ 10. As a result, a pro se litigant is presumed to have knowledge of the law and correct legal procedures. *Id.* Furthermore, they are not to be accorded greater rights and are bound to accept the results of their own mistakes and errors. *Cat-The Rental Store v. Sparto*, 12th Dist. Clinton No. CA2001-08-024, 2002 Ohio App. LEXIS 636, *5 (Feb. 19, 2002). *See also Unger v. Unger*, 12th Dist. Brown No. CA2003-10-013, 2004-Ohio-7136 (pro se status does not excuse a litigant's failure to comply with a trial court's order where the court notified the litigant of its order and the potential sanctions for failing to comply with the order).

{¶ 28} In light of the foregoing, we find that the trial court acted within its power, pursuant to its local rules, in journalizing the final divorce decree awarding custody to Father rather than shared parenting to the parties.

{¶ 29} Finally, under her last issue for review, Mother asserts that the trial court's failure to comply with its local rules and afford Mother the opportunity to be heard amounts to plain error, requiring the reversal of the divorce decree. The plain error doctrine is not favored in civil cases and applies only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. *Denier*, 2017-Ohio-334 at ¶ 26; *Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, ¶ 43. In light of our analysis above, the fact that Mother was on notice Father would be granted custody of the children if she failed to attend the parenting class by the deadline imposed by the trial court, and Mother's failure to take any action after she did not complete the parenting class in April 2017, we decline to apply the doctrine of plain error under the facts of this case.

{¶ 30} Mother's assignment of error is overruled.

{¶ 31} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.