[Cite as *Valentine v. Ebay, Inc.*, 2021-Ohio-1160.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

THOMAS VALENTINE,

Plaintiff-Appellant,

v.

EBAY, INC.,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 JE 0011**

---

Civil Appeal from the
Steubenville Municipal Court of Jefferson County, Ohio
Case No. 20 CVI 00075

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

Thomas Valentine, *Pro Se,* 723 Brady Avenue, Unit A, Steubenville, Ohio 43952, Plaintiff-Appellant and

*Atty. Elizabeth Arko,* and *Atty. Chelsea Mikula,* Tucker Ellis LLP, 950 Main Avenue, Suite 1100, Cleveland, Ohio 44113, for Defendant-Appellee.

Dated:  March 29, 2021

_____

**D'APOLITO, J.**

**{¶1}**   Pro se Appellant, Thomas Valentine, appeals from the April 21, 2020 judgment of the Steubenville Municipal Court overruling his objection and adopting a magistrate's decision determining that he has no claim for breach of contract against Appellee, eBay, Inc.[1]  On appeal, Valentine asserts the trial court abused its discretion in not entering a default judgment against eBay.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}**   Valentine is a small business owner.  He first began using PayPal and eBay in 2006 and, thus, is subject to their user agreements.  He has processed over $300,000 worth of online sales, thereby generating thousands of dollars in revenue for PayPal and eBay as a result of fees collected on each transaction.

**{¶3}**   The eBay "User Agreement" regarding selling standards and fees provides:

Sellers must meet eBay's minimum performance standards.  Failure to meet these standards may result in eBay charging you additional fees, and/or limiting, restricting, suspending, or downgrading your seller account.

* * *

The fees we charge for using our Services are listed on our Standard selling fees page.  We may change our seller fees from time to time by posting the changes on the eBay site 14 days in advance, but with no advance notice required for temporary promotions or any changes that result in the reduction of fees.

(Plaintiff's Exhibit 2, eBay User Agreement, p. 4)

_____

[1] eBay is an American multinational e-commerce corporation which facilitates sales through its website. PayPal is an American company which operates a worldwide online payments system and collects a small percentage fee on each transaction.  eBay offers PayPal as a safe and efficient way to pay for purchases and receive payment for sales.

Case No. 20 JE 0011

**{¶4}** The eBay "User Agreement" also outlines its "Money Back Guarantee" which states:

> Most eBay sales go smoothly, but if there's a problem with a purchase, the eBay Money Back Guarantee helps buyers and sellers communicate and resolve issues. You agree to comply with the policy and permit us to make a final decision on any eBay Money Back Guarantee case.
>
> If you (as seller), choose to reimburse a buyer, or are required to reimburse a buyer or eBay under the eBay Money Back Guarantee, you authorize eBay to request that PayPal remove the reimbursement amount (in same or other currency) from your PayPal account, place the amount on your invoice, and/or charge your payment method on file. If we cannot get reimbursement from you, we may collect the outstanding sums using other collection mechanisms, including retaining collection agencies.

(Plaintiff's Exhibit 2, eBay User Agreement, p. 10)

**{¶5}** A buyer who had purchased an item from Valentine on eBay, bobby_718, opened a return in February 2019. The returned item was sent back to Valentine and received by him on February 11, 2019. Valentine issued a refund to the buyer three days later. Valentine claims that due to shortcomings in PayPal's system, the refund was issued as an e-check, which takes much longer to clear. On February 18, 2019, the buyer opened a dispute with eBay. The refund finally completed on February 21, 2019. The following day, eBay closed the dispute in favor of the buyer. eBay advised Valentine to resolve any issues with buyers in the future prior to a case being escalated. Thereafter, Valentine's account went into "below standard status" and eBay began charging an additional five percent fee to each sale transaction.[2] Sometime after April 2019, Valentine contacted eBay customer support requesting that the defect be reviewed. Valentine was told that nothing could be done at that time. The eBay agent suggested that Valentine

---

[2] Apparently, Valentine handled two returns from customers in such a way that eBay registered "defects" to his account, thereby dropping it to "below standard status." *See* (7/13/2020 Appellant's Brief, p. 3).

wait until one of the defects would expire from his account. Valentine regained "above standard status" in September 2019.

**{¶6}** In January 2020, Valentine filed a small claims complaint against eBay alleging breach of contract. A hearing was held before the magistrate on February 28, 2020. Valentine appeared pro se. No representative appeared on behalf of eBay due to an "internal oversight." (4/20/2020 eBay's Response to Plaintiff's Objections to Magistrate's Decision, p. 1, fn. 2).

**{¶7}** On March 6, 2020, the magistrate filed a decision to dismiss Valentine's complaint. Following an objection by Valentine and a response by eBay, the trial court overruled the objection and adopted the magistrate's decision in April 2020, finding in favor of eBay.[3]

**{¶8}** Valentine filed a timely pro se appeal and raises one assignment of error.[4]

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN REFUSING TO ENTER A DEFAULT JUDGMENT AGAINST [EBAY] AS REQUIRED BY ITS OWN LOCAL RULES OF COURT.**

**{¶9}** "An appellate court reviews a trial court's decision to grant or deny a motion for default judgment for an abuse of discretion. *Marafiote v. Estate of Marafiote*, [7th Dist. Mahoning No. 14 MA 0130,] 2016-Ohio-4809, 68 N.E.3d 238, ¶ 22 (7th Dist.)." *Scarpelli v. Young*, 7th Dist. Monroe No. 19 MO 0009, 2019-Ohio-4880, ¶ 22.

> A trial court has the inherent power to control its own docket and the progress of the proceedings in its court. *Kranz v. Kranz*, 12th Dist. Warren No. CA2012-05-038, 2013-Ohio-1113, ¶ 17. Further, courts are given great latitude in following and enforcing their own local

---

[3] Valentine subsequently filed a motion for default judgment, which the court treated as an objection and again overruled.

[4] It appears Valentine failed to follow the dictates of App.R. 13(E), "Filing and service." However, eBay filed an appellate brief in response to Valentine's brief. As a result, and in the interest of justice, this court will not dismiss this appeal for this reason alone.

rules. *Id.*; *Dvorak v. Petronzio*, 11th Dist. Geauga No. 2007-G-2752, 2007-Ohio-4957, ¶ 30. Local rules are of the court's own making, generally administrative in nature, designed to facilitate case management and provide guidelines for orderly case administration, and do not involve substantive principles of law or implicate constitutional rights. *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, ¶ 9; *Dodson v. Maines*, 6th Dist. Sandusky No. S-11-012, 2012-Ohio-2548, ¶ 47. Accordingly, there is no error when, in its sound discretion, the trial court decides that the peculiar circumstances of a case require deviation from its own rules. *Kranz* at ¶ 17. * * * In an appeal from a trial court's alleged violation of a local rule, an appellant bears the burden of showing both error and prejudice resulting from that error. *Holbrook v. Holbrook*, 12th Dist. Warren No. CA2017-05-055, 2018-Ohio-2360, ¶ 17, citing *Naples v. Naples*, 9th Dist. Lorain No. 08CA009420, 2009-Ohio-1427, ¶ 8.

*In re G.R.F.*, 12th Dist. Warren No. CA2018-10-124, 2019-Ohio-3320, ¶ 52.

**{¶10}** There is a well-settled proposition in Ohio that cases should be decided on their merits whenever possible. *Fernwalt v. Our Lady of Kilgore*, 7th Dist. Carroll No. 15 CA 0906, 2017-Ohio-1260, ¶ 40. In deciding cases, local rules are subservient to the general rules of civil procedure and the Ohio Revised Code. *See Guiley v. Dewalt*, 5th Dist. Stark No. 2016CA00156, 2017-Ohio-4151, ¶ 23.

**{¶11}** At issue are Steubenville Municipal Court Loc.R. 3.2, which provides "will" language regarding default judgments, and R.C. 1925.05, which provides "may" language. The local rule states that "should the Defendant fail to appear for the hearing, after being duly served, then a default judgment will be entered against said Defendant." Steubenville Municipal Court Loc.R. 3.2(I). The Ohio Revised Code, however, states in part that "'[i]f you do not appear at the trial, judgment may be entered against you by default[.]'" R.C. 1925.05(A).

**{¶12}** In the instant matter, the trial court held a hearing and made a finding on the merits. Despite its local rule, the court clearly recognized the discretion afforded to it under R.C. 1925.05(A) by ruling that eBay's absence at the hearing did not mandate that

default judgment be entered. *See In re G.R.F., supra,* at ¶ 52; *Thomas v. Steps*, 9th Dist. Summit No. 27187, 2014-Ohio-5018, ¶ 5, citing *Haynes v. Straub*, 10th Dist. Franklin No. 09AP-1009, 2010-Ohio-4089, ¶ 12 ("While a trial court may grant default judgment, it is not required to do so.") As such, the court did not abuse its discretion in deciding to hear the case on the merits rather than granting default judgment.[5] *See Fernwalt, supra,* at ¶ 40. The court was not required to strictly comply with its local rule. *See Guiley, supra,* at ¶ 23. Rather, the court acted within its broad discretion in setting aside its local rule in favor of allowing Valentine to present his evidence before the magistrate. The evidence shows that Valentine suffered no prejudice, was bound by the terms of his agreement with eBay, in which he consented to the fees and, thus, barred from pursuing his purported claims. As a result, the court did not abuse its discretion in ruling against Valentine and in favor of eBay.

## CONCLUSION

{¶13} For the foregoing reasons, Valentine's sole assignment of error is not well-taken. The judgment of the Steubenville Municipal Court is affirmed.

Donofrio, P.J., concurs.

Waite, J., concurs.

---

[5] Notably, as stated, Valentine filed his motion for default judgment after the trial court entered judgment against him.

Case No. 20 JE 0011

———————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Steubenville Municipal Court of Jefferson County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**