[Cite as *Fernwalt v. Our Lady of Kilgore*, 2017-Ohio-1260.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ANTHONY R. FERNWALT | ) | CASE NO. 15 CA 0906 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| OUR LADY OF KILGORE, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common
Pleas of Carroll County, Ohio
Case No. 13 CVH 27615

JUDGMENT: Reversed. Vacated.
Remanded.

APPEARANCES:

For Plaintiff-Appellee: Atty. Douglas C. Bond
Morello & Bond, LTD.
700 Courtyard Centre.
116 Cleveland Ave., N.W.
Canton, Ohio 44702

For Defendant-Appellant: Atty. Gary Johnson
Atty. Matthew Miller
Atty. Shawn W. Maestle
Weston Hurd LLP
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, Ohio 44114-1862

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 31, 2017

[Cite as *Fernwalt v. Our Lady of Kilgore*, 2017-Ohio-1260.]
WAITE, J.

{¶1} Appellant Our Lady of Kilgore appeals the judgment of the Carroll County Court of Common Pleas denying Appellant's motion to vacate default judgment in favor of Appellee, Anthony R. Fernwalt in this action seeking quiet title in a parcel of property. Appellant raises several issues on appeal, including: whether the trial court obtained jurisdiction over Appellant due to Appellee's failure to perfect service of the complaint; whether the trial court erred in denying Appellant's motion to strike Appellee's memorandum in opposition to Appellant's motion to vacate default judgment; whether the trial court erred in adopting Appellee's proposed findings of fact and conclusions of law; and whether the trial court erred in denying Appellant's motion to vacate the default judgment. Based on this record, Appellant's assignments of error regarding service and the motion to strike are without merit and are overruled. However, Appellant's assignment of error regarding the trial court's findings of fact and conclusions of law and Appellant's motion to vacate are sustained. The trial court's decision is affirmed in part and reversed and vacated in part. The matter is remanded for further proceedings.

## Factual Background

{¶2} In 1997, Appellee found himself a fugitive of the law, attempting to leave the country and flee to Canada. He had a relationship with a priest, Father John Steger ("Steger"). Appellant transferred real property he owned in Carroll County to Steger. This property is located at 4525 Post Rd. SE, Jewett, Ohio and is at the heart of this appeal.

**{¶3}** Steger set up a New York not-for-profit religious corporation, Our Lady of Kilgore, and Appellee transferred the property to the religious corporation. A deed recorded on June 11, 1997 states that Appellee transferred the property to Appellant, Our Lady of Kilgore ("Kilgore"), a New York religious not-for-profit organization located in Rochester, New York with a mailing address of 4100 Lyell Road, Gates, New York, 14606. According to the record, at the time of the real estate transaction and until January 29, 2008, Steger was pastor of St. Jude Church. St. Jude Church is also registered as a New York religious not-for-profit corporation with an address listed as 4100 Lyell Road, Rochester, New York 14606. Neither party disputes that Gates is a suburb of Rochester. Steger resigned from St. Jude Church as pastor on January 29, 2008 and died on March 4, 2008.

**{¶4}** In August of 2013, Appellee filed a complaint to quiet title and an action for partition with the Carroll County Court of Common Pleas, seeking to set aside the real estate transaction. Appellee claimed it was an invalid transfer due to defects with the notarization. Appellee also claimed he was under undue influence as a result of being a fugitive and that Steger took advantage of his agitated state. In his original complaint, Appellee also listed as party defendants several of his family members. These claims were never pursued and the familial defendants are not parties to this appeal.

**{¶5}** Appellant failed to file a timely answer. After a default judgment was ordered in favored of Appellee, Appellant subsequently filed a notice of appearance and motion to vacate default judgment. Appellant alleged, among other things, that

default was improper because the property had been properly transferred to Appellant and the parcel contained a natural spring which possessed healing powers.

Procedural Background

**{¶6}** Appellee filed a complaint to quiet title and an action for partition on August 5, 2013. A summons and complaint was issued to Appellant, a New York religious, not-for-profit corporation located at 4100 Lyell Road, Rochester, New York, 14606. Other defendants were served but, as noted, are not relevant to this appeal. On August 19, 2013, Appellant's service was returned as not deliverable as addressed, unable to forward, and with unsuccessful service. That same day a notice of failure of service was issued to Appellee.

**{¶7}** On September 3, 2013, the court received a letter from counsel representing St. Jude Church, 4100 Lyell Road, Gates, New York 14606. The letter stated that Appellant was not located at that address and that it was solely the address of the church. The letter also revealed that Rev. John J. Steger ("Steger") had been the parish priest at St. Jude and was listed as incorporator of Our Lady of Kilgore with the New York Secretary of State using the St. Jude address. In the letter counsel also stated that St. Jude was not affiliated with Our Lady of Kilgore and had no knowledge of that entity's status.

**{¶8}** Pretrials were held on November 18, 2013 and January 29, 2014. On February 3, 2014, Appellee filed an affidavit for service on Appellant by publication along with a legal notice pursuant to Civ.R. 4.4 and R.C. 2703.14. The notice

indicated the last day to answer the complaint was April 17, 2014 and that bench trial was set for May 19, 2014.

{¶9} Bench trial occurred on May 19, 2014 as scheduled. The trial court issued a judgment entry dated that same day, invalidating and holding null and void the deed that had transferred property to Appellant. The trial court found that the deed was procured by undue influence. In this entry, the court also quieted title of the property in the name of Appellee and held that Appellant had no interest in the subject property. On May 20, 2014, the trial court judgment entry was mailed to Appellant at 4100 Lyell Road, Rochester, New York, 14606.

{¶10} On September 19, 2014, about four months later, counsel for Appellant filed a notice of appearance. On December 23, 2014, Appellant filed a motion to vacate the default judgment. On January 7, 2015, the trial court sent a notice scheduling pretrial on February 9, 2015. On January 9, 2015, Appellant requested oral argument which was held on February 9, 2015. At that hearing, an evidentiary hearing was scheduled for April 20, 2015.

{¶11} On April 20, 2015, both parties were present and represented by counsel. As the court ordered the parties to submit proposed findings of fact and conclusions of law, these were filed May 8, 2015. In a judgment entry dated July 10, 2015, the trial court denied Appellant's motion to vacate the default judgment and indicated it was a final appealable order. Appellant filed this timely appeal, presenting four assignments of error.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED IN FINDING THAT PROPER SERVICE HAD BEEN OBTAINED ON OUR LADY OF KILGORE AND IN GRANTING DEFAULT JUDGMENT IN FAVOR OF APPELLEE.

**{¶12}** Appellant argues the trial court did not obtain jurisdiction over Our Lady of Kilgore because service was never perfected by Appellee. Appellant claims that Appellee did not utilize the appropriate method for serving an agent of a foreign corporation under Ohio Civ.R. 4.1(A)(1).

**{¶13}** Due process requires that service of process be accomplished in a manner "reasonably calculated, under all the circumstances, to apprise [interested parties] of the pendency of the action." *Samson Sales, Inc. v. Honeywell, Inc.,* 66 Ohio St.2d 290, 293, 421 N.E.2d 522 (1981). The trial court's decision regarding the validity of service should be upheld absent an abuse of discretion.

**{¶14}** Civ.R. 4.2 delineates the potential recipients and proper means of service of process in the State of Ohio:

Service of process pursuant to Civ.R. 4 through Civ.R. 4.6, except service by publication as provided in Civ.R. 4.4(A), shall be made as follows:

* * *

(F) Upon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a

method authorized under Civ.R. 4.1(A)(1); or by serving an officer or a managing or general agent of the corporation[.]

{¶15} Civ.R. 4.4(A)(1) details the requirements for service of process by publication where a defendant's residence cannot be discovered:

Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.

{¶16} R.C. 2703.14, paragraphs (A) through (L) inclusive, sets forth twelve separate, specific grounds for service by publication. Specifically, R.C. 2703.14 states:

(A) In an action for the recovery of real property or of an estate or interest in real property, when the defendant is not a resident of this state or his place of residence cannot be ascertained;

(B) In an action for the partition of real property, when the defendant is not a resident of this state or his place of residence cannot be ascertained[.]

{¶17} A review of the record reveals that Appellee was reasonably diligent in his efforts to serve the complaint on Appellant. Appellee attempted to serve process

by mail addressed to Appellant at the address listed with the New York Secretary of State.  Only after this was unsuccessful did Appellee turn to service by publication.  Appellee filed an affidavit with the Carroll County Court of Common Plea detailing his failed pursuit of service by certified mail and requesting service by publication.  The complaint was thereafter published in Carroll County.  Appellee's efforts at service effectively provided notice of the complaint under the rules.

{¶18} Contrary to Appellant's assertion, Appellee's efforts to serve the complaint did not fall below the reasonable diligence standard due to Appellee's failure to attempt service through the New York Secretary of State.  The affidavit filed with the trial court provided a detailed account of efforts made to ascertain the address for Appellant including the cancellation of Appellant's corporate status in Ohio; the active status with the New York Secretary of State which listed the same address where the summons was later sent by certified mail; attempts to contact Appellant's former attorney in Ohio who refused service; and the refusal of service by St. Jude Church, which is located at the same address.  Appellant argues that Appellee should have served the New York Secretary of State.  However, the address listed with the State of New York is the identical address Appellee utilized to attempt certified mail service and from which counsel for St. Jude responded.

{¶19} Interestingly, Appellant claims it received notice of the default judgment from a letter it received from an oil and gas company which was sent to the same address as the summons.  Apparently, the oil and gas company letter had been forwarded to Appellant from this address.  Again, the address listed by the New York Secretary of

State was the address used by Appellee in his attempt at service. In Ohio, service of process is not void where a party pursues service by publication rather than through the secretary of state. *Triplett v. Beachwood Village, Inc.,* 158 Ohio App.3d 465, 2004-Ohio-4905, ¶ 30, fn. 1 (7th Dist.).

**{¶20}** Appellee's efforts at service of the complaint prior to publication met the reasonable diligence standard imposed by Civ.R. 4.4 and R.C. 2703.14. Appellant's first assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING OUR LADY OF KILGORE'S MOTION TO STRIKE PLAINTIFF/APPELLEE'S UNTIMELY MEMORANDUM IN OPPOSITION TO OUR LADY OF KILGORE'S MOTION TO VACATE DEFAULT JUDGMENT.

**{¶21}** Appellant filed a motion to vacate in this matter. The morning of hearing on the motion, Appellee filed a memorandum in opposition. Appellant asked the trial court to strike Appellee's opposition memorandum, which was denied. Appellant now claims that the trial court committed reversible error when it denied this request. Appellant contends Appellee waited four months to file in opposition to Appellant's motion to vacate, handing Appellant's counsel a copy of its memorandum in opposition only moments before oral arguments began. This precluded Appellant from preparation of an adequate defense. Appellant's counsel made an oral motion

to strike the filing as untimely which was denied by the trial court. Appellant takes issue specifically with the following statement of the trial court:

THE COURT: * * * Are you serious about this motion to strike?

[COUNSEL]: I'm very serious, Your Honor.

THE COURT: Okay. People who play with knives get cut. Okay?

[COUNSEL]: I'm sorry.

THE COURT: I said people who play with knives get cut. So your motion is overruled.

(Tr., pp. 4-5.)

**{¶22}** A trial court decision granting or denying a motion to strike is reviewed for an abuse of discretion. *Embry v. Bur. of Workers' Comp.,* 10th Dist. No. 04AP-1374, 2005-Ohio-7021, ¶ 12. "An abuse of discretion is more than an error of judgment; it requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable." *State v. Nuby*, 7th Dist. No. 16 MA 0036, 2016-Ohio-8157, ¶ 10, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶23}** Appellant's argument is based on the timing of the memorandum in opposition as well as with the demeanor of the trial court. A review of the record reveals the memorandum in opposition contained no new issues, but merely addressed the issues presented by Appellant, including service of process and meritorious defense pursuant to Civ.R. 60(B). While Appellant complains that the memorandum also included a copy of Appellant's articles of incorporation, this

argument is somewhat disingenuous as these are Appellant's own articles of incorporation and should therefore be known to Appellant. Certainly, they could not form the basis for Appellant's claim it needed more preparation time, and although the trial court's demeanor may have been construed as less than polite, the remark does not rise to the level of an abuse of discretion.

**{¶24}** Appellant's second assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 3</u>

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADOPTING APPELLEE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, WHICH WERE NEVER SERVED UPON OUR LADY OF KILGORE.

**{¶25}** Appellant contends the trial court erred in adopting Appellee's findings of fact and conclusions of law when they were never served on Appellant's counsel.

**{¶26}** A trial court may adopt a party's proposed findings of fact and conclusions of law as long as the trial court has thoroughly reviewed the document and ensured it is accurate. *Clark v. Smith,* 130 Ohio App.3d 648, 649, 720 N.E.2d 973 (3d Dist.1998). Thus, the trial court's adoption of Appellee's findings of fact and conclusions of law is not error unless Appellant can demonstrate that the findings of fact are not supported by competent, credible evidence, or that the conclusions of law are not supported by legally sufficient evidence. *Maloney v. Patterson,* 63 Ohio App.3d 405, 409, 579 N.E.2d 230 (9th Dist.1989).

**{¶27}** The trial court's judgment entry dated July 10, 2015 states:

The Court has had the benefit of reading all pleadings filed and the in-court testimony and evidence presented by counsel for the parties. The Court accepts and adopts the proposed findings and conclusions of law offered by Plaintiff and rejects the conclusions proposed by the Defendant as submitted by counsel in their respective proposed findings of fact and conclusions of law filed with the Court.

**{¶28}** Thus, from the judgment entry it would appear the trial court adopted Appellee's proposed findings of fact and conclusions of law as a whole. However, the two-page judgment entry does not recite any of the findings of fact and conclusions of law specifically nor is a copy of Appellee's proposed findings of fact and conclusions of law attached or incorporated into the judgment entry in any way. Moreover, there is no copy of Appellee's proposed findings of fact and conclusions of law in the trial court record. These exist only as an attachment to Appellee's appellate brief, which we cannot consider as they are outside of the trial court record. Hence, it is not at all clear that the trial court reviewed the proposed findings of fact and conclusions of law promulgated by Appellee. It is clear that the trial court did not properly make those, or any other, findings part of the record for review. Civ.R. 52 states, in pertinent part:

When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those

findings of fact and conclusions of law made by the court shall form part of the record.

**{¶29}** The purpose behind separate findings of fact and conclusions of law as set forth in Civ.R. 52 is to enable the reviewing court to determine the existence of assigned error. *Davis v. Wilkerson,* 29 Ohio App.3d 100, 101, 503 N.E.2d 210 (8th Dist.1986). The trial court's ruling, considered in conjunction with the record at trial, must provide an adequate basis for our review of the legal and factual issues on appeal. Failure to comply with Civ.R. 52 is reversible error. *Mahlerwein v. Mahlerwein,* 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, ¶ 22 (4th Dist.). A trial court must provide findings of fact and conclusions of law that articulate an adequate basis upon which a party can mount a challenge to, and an appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's application of the law. *Stone v. Davis,* 66 Ohio St.2d 74, 85, 419 N.E.2d 1094 (1981).

**{¶30}** In the present case, the trial court's judgment entry appears to be a general judgment in favor of the prevailing party. The trial court did not properly address or incorporate Appellee's findings of fact and conclusions of law into its judgment entry and the record is devoid of an appropriate copy of the proposed findings and conclusions. Moreover, the transcript of the hearing does not provide a sufficient record on which we may conduct a review of the issues. The only testimony elicited was from Thomas Russell. Russell testified that he was the corporate treasurer for Appellant and that there was one remaining officer, as the

other two were deceased. (Tr., p. 13.) Russell testified that there was no relationship between Appellant and St. Jude Church other than Steger, who had been the pastor at St. Jude and resided at the rectory. Russell further testified that he became aware of the instant suit as follows:

Mid-2014 I was given a correspondence from Chesapeake Energy Company, I believe, to the extent that there was a proceeding. And that I know nothing about it, you know, I didn't know anything about it at the time. While they got our address or whatever. I know I received several correspondence prior to that time dated back to 2011, from various mineral rights, lumber companies, and things like that. And they were addressed to me personally at my home at 143 Brooklea Drive, Rochester.

So whether the information was originally sent to St. Judes Church because that was the rectory until Father Steger died in 2006. It's possible. I don't know who received it over there. I don't know who signed the return receipt on the correspondence. If it was anybody in office I would have thought they would have contacted us. My wife worked for Father Steger for 20 years. And they pretty much knew she was an officer in the corporation. She and I are the only two officers that are remaining of the corporation. The other two would passed [sic] away.

(Tr., pp. 14-15.)

**{¶31}** On direct examination Russell testified about his familiarity with Appellee.

Q:  Have you had communications with the plaintiff, himself, in this case, Mr. Fernwalt?

A.  I have had some, but not subsequent to any of this.

Q.  By what means would those conversations take place?  Was this mail?  Telephone?

A.  Usually telephone calls back when we first got started back in '96, '97, '98, I talked to him.  We would take bus loads of parishioners out there from St. Judes.  Help out there.  He had my phone number and my address everything else out there.  Hi [sic] wife, Patty, called -- not very often.  Maybe one or two a year just to check in and see how things are going.  Or I might call out there.

(Tr., p. 21.)

**{¶32}** The majority of his testimony related to the issue of whether Appellant was properly served with the underlying complaint.  This was an evidentiary hearing to address the motion to vacate filed by Appellant.

**{¶33}** While Russell's testimony at hearing consisted almost exclusively of evidence concerning whether service was properly perfected, counsel for Appellant argued at the hearing that Appellant sought to present evidence of its meritorious defense as required under the rule by making either a legal argument at the hearing

or relying on the brief as submitted. (Tr., p. 22.) The trial court instructed Appellant to proceed with witness testimony from Russell and that the matter would be considered at the conclusion of the testimony. (Tr., p. 22.) At the conclusion, counsel for Appellant again requested to be allowed to present evidence regarding meritorious defense. Counsel for Appellant enumerated two proposed meritorious defenses that Appellant would raise if provided relief from the default judgment: (1) that there was no undue influence as Appellee created the perceived agitation he was under by being a fugitive of the law, and (2) Appellee's assertion that Steger made an oral promise to transfer the property back to Appellee amounted to a violation of the statute of frauds. (Tr., pp. 55-56.)

{¶34} Inexplicably, counsel for Appellee argued that the court already took evidence regarding a meritorious defense when it held a hearing on the motion for default. (Tr., p. 57.) This ignores the fact that the entire reason default was requested was that Appellant had made no appearance and so, had no ability to raise a timely defense. There was an extended colloquy between the trial court and both counsel regarding only the issue of service and then the court noted it would take the matter under advisement and ordered the parties to brief the matter and submit proposed findings of fact and conclusions of law. (Tr., pp. 63-64.) The record is devoid of any proposed findings of fact and conclusions of law from Appellee other than what was attached to the brief on appeal. Appellant's findings of fact and conclusions of law are appropriately in the trial court record. It is well established law that an appellate court cannot consider evidence that was not in the trial court record.

{¶35} As the record before us is not adequate to support the trial court's general judgment entry, Appellant has shown reversible error.

{¶36} Because Appellee was granted a default judgment, it is not clear from the record whether any of the factual assertions on which Appellee relies, other than those presented at the hearing on the motion to vacate, were appropriately presented to the trial court. The conclusions of law cited by Appellee in his appellate brief are not supported by any evidence in the trial court record, including the hearing on the motion to vacate. There was evidence presented that Russell was an officer of Appellant corporation although his name appears nowhere in the articles of incorporation or any other instance in the record. Russell did not testify as to the underlying meritorious defense because the trial court accepted only arguments from both counsel on this issue.

{¶37} It is clear from our review that the trial court did not properly adopt Appellee's findings of fact and conclusions of law. These appear nowhere in the trial court record and were not specifically written into the entry. As such, the trial court has provided no basis for support of its general verdict and has not enunciated findings that are supported by competent, credible evidence nor conclusions of law that are supported by legally sufficient evidence. See *Maloney v. Patterson,* 63 Ohio App.3d 405, 409, 579 N.E.2d 230.

{¶38} This record reflects that the trial court's judgment entry on the motion to vacate was general in nature and did not substantially comply with Civ.R. 52. The

record before us does not support the general entry. Appellant's third assignment of error has merit and is sustained.

<u>ASSIGNMENT OF ERROR NO. 4</u>

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING OUR LADY OF KILGORE'S MOTION TO VACATE THE DEFAULT JUDGMENT PREVIOUSLY ENTERED.

{¶39} As an alternative to the first assignment of error, Appellant argues in its fourth assignment that it was entitled to have the default judgment vacated pursuant to Civ.R. 60(B)(1) and (5). While the general entry granted in favor of Appellee is not supported by the record, Appellant argues on appeal that the record does reflect that the trial court erred in failing to grant its motion.

{¶40} A motion to vacate filed pursuant to Civ.R. 60(B) is left to the sound discretion of the trial court. Judgment will not be disturbed absent an abuse of discretion. Abuse of discretion connotes more than an error of judgment, it implies that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Adams, supra*, at 157. That said, Ohio law has held that cases should be decided on their merits whenever possible, rather than on procedural grounds. *State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty.*, 72 Ohio St.3d 464, 650 N.E.2d 1343 (1995).

{¶41} To prevail on a motion brought pursuant to Civ.R. 60(B), the moving party must show: (1) he or she has a meritorious defense or claim to present if relief is granted; (2) he or she is entitled to relief under one of the grounds stated in Civ.R.

60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). If any of the three *GTE* requirements is not met, the motion should be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

**{¶42}** Appellant's Civ.R. 60(B) motion was based on subsections (1) and (5):

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Meritorious Defense

**{¶43}** Appellant argues it raised two meritorious defenses to the default judgment. First, Appellee's claim that Steger verbally promised to convey the property back to Appellee at some later date could not form the basis for Appellee's complaint. This alleged verbal promise would be barred by the statute of fraud as well as the statute of limitations. Second, Appellee's claims regarding undue influence should have failed, because the agitation described by Appellee in his

complaint was caused by his own decision to be a fugitive of the law and not by Steger's conduct. At the hearing, both parties presented oral argument on this issue.

**{¶44}** "A meritorious defense exists when the movant specifically alleges operative facts that support a defense to the judgment." *Kadish, Hinkel & Weibel Co., L.P.A. v. Rendina,* 128 Ohio App.3d 349, 352, 714 N.E.2d 984 (8th Dist.1998). The movant bears the burden of demonstrating the existence of a meritorious defense. *Rose Chevrolet* at 20. Moreover, the movant only must allege operative facts which would support the meritorious defense, not prove that the party would prevail on that defense. *Id.* Appellant, here, clearly has alleged operative facts which support a meritorious defense and has satisfied the first requirement of Civ.R. 60(B).

<u>Reason Entitled to Relief</u>

**{¶45}** Appellant argues excusable neglect as a basis for not filing a responsive pleading under Civ.R. 60(B)(1). Specifically, Appellant argues that Steger was deceased and mail was not being promptly forwarded to Russell, preventing Appellant from receiving notice that legal proceedings had been brought against Our Lady of Kilgore.

**{¶46}** The Ohio Supreme Court has held that neglect is not excusable if it is an act of complete disregard for the judicial system. *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). Moreover, the Court has stated that where a party presents evidence of a meritorious defense in a timely manner, the trial court should resolve the excusable neglect issue in favor of granting a motion to set

aside a judgment so that the case can be decided on its merits. *WFMJ Television, Inc. v. AT&T Federal Systems,* 7th Dist. No. 01-CA-69, 2002-Ohio-3013, ¶ 21.

**{¶47}** Appellant in this matter did not act with a complete disregard for the judicial process. Russell presented testimonial evidence that once he received a letter from Chesapeake indicating that a default judgment had been entered, he promptly took the necessary steps to obtain counsel and respond. Therefore, Appellant appears to have satisfied the second prong of the *GTE* test.

Timeliness of the Motion

**{¶48}** Civ.R. 60(B) specifies that motions must be filed "within a reasonable time." Thus, while a party may possibly have the right to file up to one year from the judgment entry, this motion is subject to the reasonable time provision. *Wells Fargo Bank, N.A. v. Stevens,* 7th Dist. No. 12 MA 219, 2014-Ohio-1399 at ¶ 12. Whether the motion was timely filed depends on the facts and circumstances of the case. *LaSalle Bank Natl. Assn. v. Smith,* 7th Dist. No. 11 MA 85, 2012-Ohio-4040, ¶ 38.

**{¶49}** Appellant's request for appearance was filed more than a year after the lawsuit was filed but approximately four months after default judgment was entered. A motion to vacate was subsequently filed. Appellant contends that as it made the request less than one year after default was granted, it was necessarily made within a reasonable time. Appellant also claims that once it was alerted to the action, after receiving a letter from Chesapeake, it promptly took action to file the motion to vacate.

**{¶50}** Appellee responds only that Appellant's filing was unreasonably late because he perfected service by publication and Appellant has not met its burden of adequately explaining the delay in filing the motion to vacate.

**{¶51}** In its judgment entry the trial court stated:

"[A] significant and unexplained period of time elapsed prior to defense counsel filing a Notice of Appearance on behalf of defendant, Our Lady of Kilgore, September 17, 2014, and the filing of a Motion to Vacate Default Judgment December 23, 2014. This Court conducted an evidentiary hearing on plaintiff's Motion for Default Judgment and filed a judgment entry granting default judgment in favor of Plaintiff on May 19, 2014.

(7/10/15 J.E.)

**{¶52}** The trial court appears to take issue with the time period between Appellant's counsel filing a notice of appearance and subsequently filing the motion to vacate. The record shows that once Russell was notified by letter from Chesapeake that a default judgment had been entered, he attempted to ascertain what the status of the matter was and obtained counsel. Appellant's counsel stated that after researching the issue, a motion was filed shortly thereafter. A four to seven month time period is well below the one year threshold and there does not appear to be any evidence of unwarranted delay on the record. If the evidence and materials submitted by a party in support of a motion establishes that the movant filed a timely motion, the burden has been met and that portion of the *GTE* factors is satisfied.

Here, Appellant presented sufficient factual information to demonstrate timeliness under Civ.R. 60(B).

**{¶53}** Again, the Ohio Supreme Court has instructed that, whenever possible, cases are to be heard on their merits. If a movant has demonstrated that it has satisfied all three *GTE* factors for Civ.R. 60(B), a trial court should grant the motion to vacate. *Kadish*, at 352. In this case, Appellant has satisfied all three prongs and the trial court erred in overruling its motion. Appellant's fourth assignment of error has merit and is sustained.

**{¶54}** Based on this record, Appellee perfected service on Appellant according to the Ohio Rules. The trial court did not err in denying Appellant's motion to strike Appellee's memorandum in opposition to the motion to vacate. However, the trial court erred in issuing its judgment entry in this matter in violation of Civ.R. 52. Additionally, the trial court erred in denying Appellant relief from judgment, as the record reveals Appellant demonstrated that it satisfied all three prongs of the *GTE* factors and the motion to vacate should have been granted. Appellant's first and second assignments of error are without merit and are overruled. Appellant's third and fourth assignments of error are with merit and are sustained. The judgment of the trial court is reversed, the judgment to quiet title is vacated, and the matter is remanded to the trial court for further proceedings.

Donofrio, J., concurs.

DeGenaro, J., concurs.